**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

Case No.: 25-16746-LMI
Chapter 7

KIMBERLY S. LANGSTON,

Debtor.
__________________________________/

**CREDITOR'S MOTION FOR SUPPLEMENTAL RELIEF FROM AUTOMATIC STAY**

Judgment Creditor, MICHAEL R. BURROWS, as court-appointed Personal Representative of the Estate of Sherry L. Burrows ("Mr. Burrows"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 362(d), and Local Rule 4001-1, and Fed.R.Civ.P. 60(b)(5), made applicable by Fed.R.Bankr.P. 9024, hereby moves for supplemental relief from the automatic stay to clarify and expand the relief previously granted under the Order Granting Creditor's Motion for Limited Relief from Stay [D.E. 40] to encompass the appeal pending before the Third District Court of Appeals (Case No. 3D25-0699), and in support thereof, states:

**RELEVANT BACKGROUND**

1. On June 15, 2025 ("Petition Date"), the Debtor, KIMBERLY S. LANGSTON ("Debtor"), filed a voluntary petition for relief under Title 11, Chapter 7 of the U.S. Bankruptcy Code (the "Estate").

2. Soneet R. Kapila ("Trustee") is the duly appointed Chapter 7 Trustee of the Debtor's Estate.

**A. Pre-Petition State Court Action**

3. Prior to the Petition Date, on November 10, 2022, Mr. Burrows, in his

capacity as Personal Representative of the probate estate of Sherry L. Burrows,[1] initiated a lawsuit against the Debtor in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Case No. 2022-CA-021541-CA-10 ("State Court Action").

4. The State Court Action stems from the Debtor's exploitation of her elderly mother, Sherry L. Burrows, during the final years of Sherry's life when she was both cognitively and physically impaired. Acting under a power of attorney, between approximately 2018 and 2020, the Debtor transferred $1,845,750 from her mother's accounts into her own, without consent, and later funneled the funds into, among others, accounts linked to an individual she met online, under the pretense of making high-return investments. Despite having no documentation, conducting no due diligence, and lacking any financial background, the Debtor sent these substantial sums based solely on representations from someone she believed to be billionaire.

5. When confronted by her family, the Debtor executed a $1.1 million promissory note dated January 22, 2020 [D.E. 20-9], secured by certain high-end jewelry, in which she pledged repayment that ultimately never occurred.

6. Mr. Burrows, in his capacity as Personal Representative of Sherry's probate estate, brought the State Court Action against the Debtor for exploitation of an elderly adult under Fla. Stat. § 825.0131(1), civil theft, breach of promissory note, and unjust enrichment, seeking treble damages under Fla. Stat. § 772.11.

[1] *In re: Sherry L. Burrows*, Case No. 2020-00917-CP-02.

7. The state court ultimately ruled in Mr. Burrows' favor, entering an Order Granting Final Summary Judgment and Final Judgment against the Debtor on March 18, 2025, copies of which are attached as **Exhibit "1"** and **Exhibit "2"**, respectively.

8. Thereafter, on April 15, 2025, the Debtor filed a notice of appeal of the Order Granting Final Summary Judgment and Final Judgment, which remains pending before the Florida Third District Court of Appeal, Case No. 3D25-0699 ("Appeal").

**B. Significant Events**

9. On June 23, 2025, the state court entered an Order Granting Motion for Proceedings Supplementary, finding that the automatic stay does not extend to non-debtors and further authorizing the continuation of proceedings supplementary against certain third parties, including, among others, the Debtor's non-filing spouse, Charles R. Langston III. [D.E. 20-7].

10. On August 6, 2025, following notice and hearing, this Court entered an Order Granting Mr. Burrow's Motion for Limited Relief from the Automatic Stay ("Limited Stay Order") [D.E. 40], modifying the stay to, *inter alia*, permit continuation of the State Court Action for the limited purposes expressly set forth therein.[2]

11. Following entry of the Limited Stay Order, and after the Third District directed the filing of an initial brief, the Debtor filed a Suggestion of Bankruptcy in the Appeal on August 12, 2025, thereby invoking the protections of 11 U.S.C. § 362 and

[2] Subsequently, on August 13, 2025, the Debtor voluntarily dismissed, without prejudice, the Divorce Action she initiated pre-petition. *See* **Exhibit "3"** attached.

resulting in a stay of the appellate proceedings absent clarification or further relief from this Court. *See* **Exhibit "4"** attached.

**RELIEF REQUESTED**

12. The Appeal is a direct continuation of the State Court Action for which this Court has already granted limited stay relief. Resolution of the Appeal is essential to the final adjudication and liquidation of Mr. Burrows' claims, as well as determining the extent to which collateral estoppel may apply to the state court's findings and conclusions, which may ultimately bear directly on matters before this Court. *See e.g., In re Harris*, 3 F.4th 1339, 1344 (11th Cir.2021) ("[T]he full faith and credit statute, 28 U.S.C. § 1738, directs a federal court to refer to the preclusion law of the State in which judgment was rendered") (quotations omitted); *see also Brennan v. Lyon*, 915 F.Supp. 324, 328 (M.D.Fla.1996) ("Issues litigated in a state court proceeding should be given the same preclusive effect in subsequent federal court actions as in the court of the state where the judgment was rendered").

13. Permitting the Appeal to proceed will not prejudice the Estate or undermine the Trustee's avoidance powers under 11 U.S.C. §§ 544 *et seq*., as the relief requested is limited to resolution of the pending appellate proceeding and does not seek any enforcement or collection against the Debtor or property of the estate.

14. Section 362(d) expressly empowers bankruptcy courts to "terminate, annul, modify, or condition" the automatic stay. 11 U.S.C. 362(d). This broad language necessarily includes the power to clarify and supplement the scope of relief already granted where appropriate. *See In re Patel*, 142 F.4th 1313, 1319-20 (11th Cir.2025)

(noting flexibility of § 362(d) to grant both prospective and retroactive relief). Courts consistently recognize their jurisdiction to interpret, clarify, and enforce their own orders, including stay relief orders, to ensure proper application and avoid confusion. *See In re Solid Rock Dev. Corp., Inc.*, 481 B.R. 221, 228 (Bankr.N.D.Ga.2012) (bankruptcy court has continuing authority to clarify scope of its prior stay relief order). Likewise, courts recognize that § 362(d) affords broad discretion to tailor stay relief as circumstances evolve. *See IAG Engine Ctr. Corp. v. Cagney Glob. Logistics Inc.*, 501 F.Supp.3d 1287, 1296 (S.D.Fla.2020) (noting bankruptcy courts' practice of amending or clarifying stay relief orders).

15. Bankruptcy courts may also reconsider or clarify stay relief orders under Fed.R.Civ.P. 60(b)(5), made applicable by Fed.R.Bankr.P. 9024, where prospective application of the order may no longer be equitable. *See In re Soden*, 608 B.R. 275, 281 (Bankr.D.Kan.2019); *In re Witchard*, 386 B.R. 358, 363 (Bankr.D.Conn.2006).

16. The clarification sought here – authorizing continuation of the pending Appeal as a direct extension of the State Court Action – is consistent with this jurisprudence. Indeed, supplemental stay relief will promote judicial economy, avoid duplicative proceedings, and facilitate a complete determination of the pending litigation in the appropriate forum.

17. Courts regularly exercise this authority to prevent disruption of related state-court proceedings and to ensure orderly adjudication. *See e.g., In re AUBSP Ownerco 8, LLC*, 2023 WL 2435689, at *3–4 (Bankr.S.D.Fla. Mar. 9, 2023) (Mora, J.) (granting

clarification of stay relief order to address vagueness and permit continuation of state proceedings).

18. In sum, this Court has clear authority under § 362(d), its inherent powers, and Rule 60(b)(5) to clarify or supplement its Limited Stay Order so as to permit continuation of the Appeal. Such relief is consistent with precedent and necessary to avoid piecemeal litigation and ensure efficient liquidation of Mr. Burrow's state law claims.

19. Mr. Burrows respectfully requests waiver of the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

20. Mr. Burrows expressly reserves the right to amend or supplement this Motion, and further raise additional arguments by way of supplement or amendment, separate filing, and *ore tenus* prior to or at any hearing on this matter.

**WHEREFORE,** for the reasons set forth above, Mr. Burrows respectfully requests this Court enter an Order granting this Motion: (a) clarifying and supplementing its prior Limited Stay Order [D.E. 40] to expressly authorize continuation of the State Court Action through final resolution of the Appeal, including all appellate proceedings, remands, and further review as may be necessary; (b) waiving the 14-day stay period pursuant to Fed.R.Bankr.P. 4001(a)(3) so Mr. Burrows may proceed without further delay; and (c) for such other relief as the Court deems just and proper.

Dated: September 24, 2025

Respectfully submitted,

**READ LAW PLLC**
*Co-Counsel for Judgment Creditor,*
*Michael Burrows, as Personal Representative*
25 SE Second Ave, Ste 828
Miami, Florida 33131
Phone: (305) 209-2131

E-mail: asr@alexisreadlaw.com

By: */s/ Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2025, a true and correct copy of the foregoing was served via CM/ECF electronic transmission and/or U.S. Mail to those parties who are currently on the list to receive e-mail notice and service for this case:

- Ross R Hartog rhartog@mrthlaw.com, ecfnotices@mrthlaw.com,gruiz@mrthlaw.com,msalazar@mrthlaw.com,mrthbkc@gmail.com,lgener@mrthlaw.com,ycandia@mrthlaw.com,rhartog@ecf.courtdrive.com
- Soneet Kapila trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Timothy S Kingcade scanner@miamibankruptcy.com, kingcadeserve@bellsouth.net;r46540@notify.bestcase.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Kimberly S Langston
6101 Aqua Ave #302
Miami Beach, FL 33141

By: */s/ Alexis S. Read*
Alexis S. Read, Esq.
Fla. Bar No. 98084